UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-23474-BECERRA-TORRES

AIDA E. FRAGA,

    Plaintiff,

v.

GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

This cause comes before the Court on Plaintiff's Motion for Temporary Injunctive Relief and Declaratory Relief. [D.E. 11]. Defendants have filed a response [D.E. 22], and the time for Plaintiff to file a reply has passed. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiff's Motion is **DENIED**.

### I.    ANALYSIS

This case centers on allegations that Defendants have improperly withheld Plaintiff's disability benefits. Specifically, Plaintiff alleges that Defendants have improperly diverted to a third party and/or declined to pay her monthly benefit

---

[1] On August 13, 2025, the Honorable Jacqueline Becerra referred all pretrial matters to the Undersigned Magistrate Judge for disposition. [D.E. 6].

1

payments. In the pending Motion, Plaintiff argues that, immediately, the Court should require payment of her benefits.

Defendants, meanwhile, argue that Plaintiff's Motion is wholly deficient in that it offers no authority or argument as to why preliminary relief is required, and that Defendants are only withholding the payments because a state court judge in New York has ordered them to do so.

To obtain a preliminary injunction, "the movant must establish: (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002) (citing *Carillon Imp., Ltd. v. Frank Pesce Int'l Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (per curiam)).

Moreover, "[i]n this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)). "Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits." *ACLU of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009).

Here, we need not move past the likelihood of success on the merits. Plaintiff's Motion presents three paragraphs that declare immediate intervention is required. But absent from Plaintiff's Motion are any facts or authority to persuade the Court that a preliminary injunction is appropriate.

Meanwhile, Defendants present a compelling reason as to why Plaintiff has not established likelihood of success on the merits: Defendants' non-payment of Plaintiff's benefits is the product of a valid restraining order entered by a New York state court, due to a third-party who holds a judgment against Plaintiff.

Plaintiff has made no effort to explain why or how this restraining order is ineffective or should not be enforced, nor has Plaintiff filed a reply. In light of this, the Court cannot find that Plaintiff has carried her hefty burden of demonstrating her likelihood of success on the merits. *See Trimble v. United States Soc. Sec. Admin.*, No. 207CV00508FTM34DNF, 2008 WL 11409127, at *3 (M.D. Fla. Jan. 18, 2008) ("Upon review of the First and Second Motions for Preliminary Injunction, the Court finds that Plaintiff has failed to satisfy his burden of persuasion as to all four prerequisites to the entry of preliminary injunctive relief. With regard to whether Plaintiff has a substantial likelihood of success, instead of citing any authority in support of his position, Plaintiff merely concludes that success is substantially likely because 'there exist [sic] no legal excuse or justification for any agency notwithstanding even the federal government to behave in such a manner.' This conclusory allegation falls far short of carrying Plaintiff's burden.").

The Court need not reach Defendants' remaining arguments. *See GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1329 (11th Cir. 2015) ("Because the plaintiffs have not shown a substantial likelihood of success on the merits, we need not consider the remaining factors in the preliminary injunction test.").

## II.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion [D.E. 11] is **DENIED**, but without prejudice to later proceedings on the merits of Plaintiff's claim.

**DONE and ORDERED** in Chambers at Miami, Florida this 9th day of January, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge